IDA WECKSTEIN, PLAINTIFF-RESPONDENT, v. THE DELA-WARE, ETC., RAILROAD COMPANY, DEFENDANT-AP-PELLANT.

Submitted January term, 1930—Decided March 10, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff-respondent, *Frank G. Masini.*

For the defendant-appellant, *Frederic B. Scott.*

PER CURIAM.

The trial of this case resulted in a judgment for the plaintiff for $210. The case was tried by the court without a jury. The suit was brought to recover damages for personal injuries caused to the plaintiff by tripping over a sidewalk raised six inches on Roseville avenue in the city of Newark. The judgment of the District Court is based upon the following facts set out in the agreed state of facts sent up in the paper book: Prior to November 8th, 1928, in the elimi-

nation of grade crossings of the defendant company, to and through the city of Newark, the defendant company entered into a contract with the city of Newark, wherein the highway of Roseville avenue was agreed to be carried over the railroad tracks and right of way of the defendant company. By the contract the true pavement level of the sidewalk of Roseville avenue was fixed, set and determined by the contract. The city of Newark directed the defendant to repair its sidewalk on Roseville avenue. The defendant completed the laying of the sidewalk and putting it in alignment with the true pavement level, as provided for in the contract, and then opened it up for public travel thereon. The pavement as laid was approximately six inches higher than the sidewalk of the adjacent property owned by a Mr. Cooney. The city of Newark, by its agent, instructed the defendant company, when the work was completed, not to put any ashes or anything else on the Cooney sidewalk, to cause the drop from the defendant's recently completed sidewalk, to be less than six inches hereinbefore referred to. On November 8th, 1928, at about five-thirty P. M., after dark, the plaintiff, while walking over the Cooney sidewalk, toward the completed sidewalk of the defendant, and being unaware of the drop of six inches, tripped over the rise in the sidewalk of the defendant company and received the injuries sued for in the suit.

In the case of *Wood Co.* v. *Balsam,* 100 *N. J. L.* 277, this court said, those using the highway were obliged to take cognizance of a lawful construction, and to govern themselves accordingly in its use. The application of the principle of law there decided applied to the facts of this case set out in the agreed state of facts leads to a reversal of the judgment. Other cases in which the same principle is illustrated and applied by our courts are *Denzer* v. *Delaware, &c., Railroad Co.,* 103 *Id.* 95; *Lorentz* v. *Public Service Railway Co.,* 103 *Id.* 104.

The judgment of the Second Judicial District Court of Hudson county is therefore reversed.